IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DICK'S RANCHO GLASS, INC., et al.,

    Plaintiffs,

  v.

CHARLES R. BOGGS, et al.,

    Defendants.
_____/

No. CIV.S-99-0198 DAD

ORDER

This matter came before the court on December 9, 2005, for hearing on the parties' joint motion for vacatur pursuant to Federal Rule of Civil Procedure 60(b). William P. Torngren appeared on behalf of plaintiffs. Howard M. Hoffman appeared on behalf of defendants. Having considered all written materials submitted in connection with the motion, and after hearing oral argument, the court will grant the joint motion for vacatur.

**BACKGROUND**

Following a three-week court trial in this ERISA action, on June 4, 2003, the court issued findings of fact and conclusions of

1

1  law, ordering that judgment be entered in favor of plaintiff Glass
2  Plan and plaintiff Floor Covering Plan.  Judgment was entered in
3  accordance with the court's order on June 4, 2003.  A subsequent
4  motion to amend the judgment by defendants was granted in part and
5  denied in part.  Following hearing on the parties' motions for
6  attorney's fees, plaintiffs' motion for attorney's fees and expenses
7  was granted in part and defendant Sun Citrus' motion for attorney's
8  fees was denied, although Sun Citrus was awarded costs.
9         Defendants appealed and plaintiffs cross-appealed.  The
10 parties thereafter engaged in a mediation, with the assistance of the
11 Ninth Circuit Mediation Office, and all issues were settled.  By
12 order filed in this court on August 24, 2005, the United States Court
13 of Appeals for the Ninth Circuit dismissed the parties' appeals
14 without prejudice to reinstatement pursuant to the stipulation of the
15 parties.  That order provided that the appeals would be reinstated
16 should the district court decline to grant the parties' joint motion
17 to vacate the judgment.  The parties filed that joint motion on
18 October 27, 2005.

## ANALYSIS

20        As the parties indicate, Federal Rule of Civil Procedure
21 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the
> court may relieve a party or a party's legal
> representative from a final judgment, order, or
> proceeding for the following reasons: ... (5) ...
> it is no longer equitable that the judgment
> should have prospective application; or (6) any
> other reason justifying relief from the operation
> of the judgment.

26 /////

2

When a case settles on appeal the appellate court should vacate the judgment under review only in "exceptional circumstances." U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 29 (1994). However, the appellate court remains free to remand the case to the district court to consider a request for vacatur under Rule 60(b). Id. When such a remand occurs, the Ninth Circuit has held that the district court may apply an equitable balancing test in considering vacatur. Am. Games, Inc. v. Trade Prods. Inc., 142 F.3d 1164, 1167-70 (9th Cir. 1998) More specifically, it is the Ninth Circuit's "established procedure of remanding so the district court can decide whether to vacate its judgment in light of the consequences and attendant hardships of dismissal or refusal to dismiss and the competing values of finality of judgment and right to relitigation of unreviewed disputes." Id. at 1168 (internal quotations and citations omitted).

The court has determined that the equitable considerations warrant vacatur. The parties represent that the confidential settlement, which is contingent on vacatur, provides for a payment to plaintiffs. In return, plaintiffs will waive and release all claims against defendants. The settlement completely disposes of all issues between the parties. There is no danger of relitigation of the issues and the settlement is comprehensive, final and binding on all parties. In the event defendants fail to pay in accordance with the terms of the settlement, the settlement provides that plaintiffs may take judgment on the settlement in state court. Finally, following the settlement reached before the Ninth Circuit Mediator, the Ninth

Circuit has dismissed the parties' appeals without prejudice should the court decline to grant the parties' joint motion to vacate the judgment.  For these reasons, the equitable considerations warrant granting the parties' joint motion for vacatur.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The parties' joint motion for vacatur is granted;

2. With the exception of any discovery orders (including, without limitation, docket items numbered 27, 30, 31, 34, 35 and 38) and the Stipulation and Order Pursuant to Rule 58 of the Federal Rules of Civil Procedure (docket item number 262), the judgment and orders entered in this action by the undersigned are vacated; and

3. This action is dismissed.  The Clerk of the Court is directed to close the file.

DATED: December 9, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\consent\dicksrancho.vacatur2